IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ABDULRAHMAN HASSAN HAKEEM,     ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.              ) | 1:11cv966 (JCC/JFA) |
| ) | |
| MOHAMAD OSAMA ABDUL-KADER  ) | |
| HASHIM,                    ) | |
| ) | |
| Defendant.           ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Abdulrahman Hassan Hakeem's Motion for Judgment against Garnishee Citibank, N.A. [Dkt. 15] (the "Motion"). For the following reasons, the Court will grant Plaintiff's Motion.

### **I. Background**

On September 9, 2011, Mr. Hakeem petitioned the Court to confirm an arbitration award. [Dkt. 1.] The arbitration award ordered Defendant-Judgment Creditor Mohamad Osama Abdul-Kader Hashim to pay Mr. Hakeem 800,801.50 Saudi Riyals (approximately $213,547) as a result of Mr. Hashim's failure to repay funds borrowed from Mr. Hakeem. (Pet. [Dkt. 1] ¶¶ 3-5; Pet. Ex. 2.) The Court granted Mr. Hakeem's petition on September 23, 2011, and entered judgment in favor of Mr. Hakeem in the amount of $213,547. [Dkt. 4.]

1

On December 5, 2011, a writ of execution was issued as to Mr. Hashim. [Dkt. 7.] A garnishment summons was issued as to Mr. Hashim and Garnishee Citibank, N.A. that same day. [Dkt. 6.] Citibank filed an answer on January 4, 2012, confessing that it held two accounts in Mr. Hashim's name which totaled $31,290.29. [Dkt. 8.] On February 15, 2012, Mr. Hashim was personally served with the garnishment summons and a copy of Citibank's answer. [Dkt. 11.] On March 2, 2012, Magistrate Judge Anderson entered an Order of Payment directing Citibank to disburse $31,290.29 to Mr. Hakeem. [Dkt. 13.] Mr. Hakeem filed his Motion for Judgment on April 2, 2012. [Dkt. 15.] He submits that Citibank has yet to turn over any funds from Mr. Hashim's accounts, and therefore seeks judgment against Citibank. Citibank has not filed a response. The Court held a hearing on May 11, 2012, which Plaintiff's counsel attended. Plaintiff's unopposed Motion is before the Court.

## II. Analysis

Federal Rule of Civil Procedure 69(a) provides that, unless a federal statute applies, state law governs execution and garnishment proceedings in federal courts. Fed. R. Civ. P. 69(a); *see also United States v. Harkins Builders, Inc.*, 45 F.3d 830, 833-34 (4th Cir. 1995). The Court is thus guided by Va. Code §§ 8.01-511 to -525, which govern garnishment proceedings in Virginia state courts. *See Harkins Builders*, 45 F.3d at 833;

*see also Clark v. Allen*, 139 F.3d 888, 1998 WL 110160, at *7 (4th Cir. Mar. 13, 1998) (unpublished table decision) ("Federal courts should comply substantially with these procedures but need not follow them exactly.").

Under Virginia law, if a garnishee fails to comply with an order directing it to make payment within thirty days after service, then judgment may be entered against the garnishee. Va. Code. § 8.01-516.1(A); *see also S.P. Richards Co. v. Riley*, No. 2:10cv192, 2011 WL 3515853, at *1 (E.D. Va. July 7, 2011). Virginia Code Section 8.01-516.1(A) does not specify how service of the order directing the garnishee to make payment is to be effected. Virginia Code Sections 8.01-511 and 513 describe the method for serving a garnishment summons, but in Virginia the method for the initial service of process may differ from that for the interim service of notice. *See Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 152-53 (Va. 2000).

At oral argument, Plaintiff's counsel represented that he sent a copy of Magistrate Judge Anderson's Order of Payment to Citibank by facsimile on March 2, 2012, and submitted to the Court a copy of the fax. In addition, a copy of Plaintiff's Motion for Judgment was mailed to Citibank on April 2, 2012 at the address provided on its answer to the garnishment summons. Thus, Citibank received copies of both the Order of Payment and

Plaintiff's Motion more than thirty days ago.  *See Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished table decision) ("[I]t is presumed that service by regular mail is received within three days pursuant to Rule [6(d)] of the Federal Rules."); *cf.* Virginia Supreme Court Rule 1:7 (adding three days to a party's prescribed response time when a paper is served by mail and one day when a paper is served by facsimile).

The Court concludes that Citibank has received sufficient notice of Magistrate Judge Anderson's Order of Payment and that the steps taken by Plaintiff substantially comply with the notice requirement imposed by Virginia Code Section 8.01–516.1(A).  Accordingly, the Court will grant Plaintiff's Motion and enter judgment against Citibank in the amount of $31,290.29.

### III.  Conclusion

For these reasons, the Court will grant Plaintiff's Motion for Judgment.

An appropriate Order will issue.

|  |  |
|---|---|
| May 15, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

4